UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

CURTIS FULLER and LEON PERCIVAL,

        Plaintiffs,                  Case Number: 2:10-CV-14823

v.                                          HONORABLE PAUL D. BORMAN
                                               UNITED STATES DISTRICT JUDGE
DENISE GERTH, ET AL.,

        Defendants.
_____/

## ORDER OF TRANSFER

Plaintiffs Curtis Fuller and Leon Percival have filed a *pro se* civil rights complaint pursuant to 42 U.S.C. § 1983.

The proper venue for civil actions in which jurisdiction is not based on diversity of citizenship is the judicial district where: (1) any defendant resides if all defendants reside in the same state; (2) a substantial part of the events or omissions giving rise to the claim occurred or a substantial part of the property in question is situated; or (3) any defendant may be found if there is no other district in which plaintiff may bring the action. *See* 28 U.S.C. § 1391(b). Public officials "reside" in the county where they serve. *See O'Neill v. Battisti*, 472 F.2d 789, 791 (6th Cir. 1972). Additionally, a district court may transfer a civil action to any other district where it might have been brought for the convenience of the parties and witnesses, in the interest of justice. *See* 28 U.S.C. § 1404(a).

Plaintiffs claim that defendants, all employees of the Michigan Department of Corrections, have violated their right of access to the courts and retaliated against them for exercising their rights under the First Amendment by filing false misconduct reports. The

conduct that forms the basis for the complaint occurred at the Marquette Branch Prison in Marquette County. The defendants reside in Munising, Michigan, which is in Alger County. Marquette and Alger Counties are located in the Western District of Michigan. *See* 28 U.S.C. § 102(b)(2).

The United States District Court for the Western District of Michigan is the proper venue and more convenient forum for this action. Accordingly, the Court **ORDERS** the Clerk of the Court to transfer this case to the United States District Court for the Western District of Michigan. See 28 U.S.C. §§ 1391(b) and 1404(a).

DATED: DEC 3 0 2010

PAUL D. BORMAN
UNITED STATES DISTRICT JUDGE

PURSUANT TO RULE 77 (d), FED. R. CIV. P.
COPIES MAILED TO ATTORNEYS FOR ALL
PARTIES ON Dec 30, 20 10

DEPUTY COURT CLERK

[illegible] complaint [illegible] Michigan [illegible]

[illegible] Michigan [illegible]

[illegible] Western District of Michigan [illegible]

[illegible]

[illegible] Western District [illegible] Michigan [illegible]

[illegible] the Court [illegible]

[illegible] United States District Court for the Western District of [illegible]

Michigan. See 28 U.S.C. §§ 1391(b) and 1406(a).

[illegible]

UNITED STATES DISTRICT JUDGE

DEC 30 2010

PURSUANT TO RULE 77 (d), FED. R. CIV. P.
COPIES MAILED TO ATTORNEYS FOR ALL
PARTIES ON [illegible], 20 [illegible]

DEPUTY COURT CLERK